ANGELO OLIVA, LTD. *v.* UNITED STATES (No. 3904)[1]

---

[1] T. D. 48012.

United States Court of Customs and Patent Appeals, November 4, 1935

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Francis J. Hogan*, special attorney, of counsel), for the United States.

[Oral argument October 10, 1935, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain antique furniture, restored by the addition of "modern repairs," dutiable at 40 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, and subject to an additional duty of 25 per centum ad valorem under section 489 of that act.

It appears from the record that the furniture and the repairs made thereon were separately invoiced, and were separately entered by appellant, the values of each being declared, the repairs as dutiable, and the furniture, less the repairs, free of duty as "artistic antiquities" under paragraph 1811 of the Tariff Act of 1930.

The merchandise was appraised at the entered values.

The collector, following the appraiser's advisory classification, treated each article of furniture and the repairs made thereon as an entirety, rejected the same as unauthentic in respect to the antiquity claimed as a basis for free entry, and assessed it with duty under paragraph 412. He also assessed each article of furniture, less the value of the repairs thereon, with an additional duty of 25 per centum of its entered value under section 489.

The pertinent part of the collector's report in protest No. 558765–G, which is substantially the same as his report in protest No. 537067–G, reads as follows:

The merchandise in question was claimed on entry to be entitled to the free privileges of paragraph 1811 of the Act of 1930, but said claim was rejected as unauthentic and the merchandise returned by the Appraiser as "not believed produced prior to year 1830."

Duty was assessed at the rates provided for similar modern products and also at the extra 25% on the entered value as approved by the Appr. to which articles imported for sale and rejected as antiques are subject under Section 489 of the present Tariff. See T. D. 44165 and 44522, etc.

The documentary requirements of Article 423 of the Customs Regulations and T. D. 42299 were substantially complied with.

It is claimed by counsel for appellant that the furniture and the repairs thereon should be segregated for purposes of classification; that the furniture, less the repairs, is entitled to free entry under paragraph 1811; and that the additional duty of 25 per centum ad valorem imposed by virtue of the provisions of section 489 was unlawfully assessed by the collector. It is further claimed by counsel for appellant that if it should be held that the furniture, less the repairs, is not entitled to free entry under paragraph 1811, the additional duty of 25 per centum ad valorem was unlawfully assessed for the reasons set forth in their brief. We quote:

1. The merchandise upon which the twenty-five per cent assessment has been made, the furniture portion exclusive of the repairs, is not an "article described in paragraph 1811" within the meaning of section 489. It is manifest from any reading of the evidence that the furniture itself was antique. The only possible question involved is whether the furniture, even though antique, is by rule of law made dutiable together with the repairs as an entirety. We contend that the Customs Court has decided this question against the importer erroneously, but if the Customs Court is right, it is manifest that the furniture portion of these articles is not described in paragraph 1811 in spite of the fact that it is over one hundred years old.

2. Section 489 provides for the assessment of the twenty-five per cent duty only on articles, not on parts of articles. Only a portion of the articles was entered free of duty under paragraph 1811 and the collector assessed twenty-five per cent duty only upon a portion of the articles so entered. His action is unwarranted under the plain language of the law and under numerous decisions.

3. The furniture is not "unauthentic in respect to the antiquity claimed as a basis for free entry", because the record shows beyond question that the furniture itself was produced prior to 1830.

4. Section 489 authorizes the assessment of the twenty-five percent duty only on articles "rejected" as unauthentic in respect to antiquity, and it is shown that these articles were not rejected [by the importer] but accepted as genuine antiques.

The pertinent parts of paragraph 412, paragraph 1811, and section 489, read as follows:

PAR. 412. * * * furniture, wholly or partly finished, and parts thereof, * * * wholly or in chief value of wood, and not specially provided for, 40 per centum ad valorem; * * * manufactures of wood or bark, or of which

wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

PAR. 1811. Works of art (except rugs and carpets made after the year 1700), collections in illustration of the progress of the arts, works in bronze, marble, terra cotta, parian, pottery, or porcelain, artistic antiquities, and objects of art of ornamental character or educational value which shall.have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe.  *  *  *

SEC. 489.  *  *  *  Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose.  If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

On the trial below, one Angelo Oliva, president and secretary of the appellant company, and a dealer in antiques, testified that he personally purchased the involved merchandise in Italy; that it was of one period—the Italian Renaissance; that some was produced in the 16th Century, and the other in the 17th; that, in his judgment, each of the articles of furniture was a genuine antique, produced prior to the year 1830; that the articles were purchased from a "collection of dealers and private individuals in the Province of Florence", which province, he stated, is the best source of furniture of the Renaissance period; that as they were very old, they needed repairs to place them in a usable condition; and that he authorized "somebody" to make such repairs as were needed.  He testified on cross-examination relative to the repairs made on several of the individual articles of furniture here involved, and, with the exception of one, item 1417, consisting of "1 Lombard antique writing desk", which he said he did not clearly recall, stated that they were in the nature of reinforcements, and, in some instances, consisted of repairs to upholstery, including replacing the original covers with reconditioned textile covers, which were produced prior to the year 1830; that the repairs did not change the character of the imported articles; that he had examined the articles when he purchased them in Italy, and again in New York; and that they were sold to a "client" in Denver, Colo., where they were located at the time of the trial.

The witnesses Henry H. Crum and Albert Brengel, each an examiner of merchandise at the port of New York, testified for the Government.  They said that they had examined the imported articles, and that, in their opinion, they had been repaired or reconstructed in such manner and to such an extent that their identity as "antiques", produced prior to the year 1830, had been lost, and that they were articles of modern construction.

The witness Crum testified in some detail as to several of the individual articles here involved.  With reference to item 1417,

"1 Lombard antique writing desk, 17th Century", which the witness for appellant did not clearly recall, he said that it had been "completely newly veneered." With reference to item 1587, described on the invoice as "1 antique top for the above credenza", he stated that it had been newly made up of old wood, as evidenced by new cutting and exposure of worm channels. The witness also explained why other articles of furniture here involved were not considered by him to be antiques, produced prior to the year 1830, but we deem it unnecessary to extend this opinion by referring specifically to his testimony in that regard. It is sufficient to say that he was permitted to testify without objection that the values of the repairs, as stated on the invoices and in the entries, were lower than the actual values, although the combined values of the furniture and the "repairs" were correctly stated, and that such repairs were sufficiently extensive and of such nature as to change the character of the articles from "artistic antiquities", produced prior to the year 1830, to articles of modern construction.

The witness Brengel corroborated the testimony of the witness Crum.

On this record, the trial court concluded that the testimony of appellant's witness, Angelo Oliva, which, with the exception of invoice descriptions of the various items here involved, was based entirely upon memory, was vague and uncertain as to the nature and extent of the "repairs," and that appellant had failed to establish by a preponderance of the evidence that the furniture was produced prior to the year 1830. The court also held that the involved articles were subject to the additional duty of 25 per centum of their values, provided for in section 489, *supra*, and, although not approving the collector's liquidation in that respect, overruled the protests.

Appellant filed an application for rehearing, which was denied by the court.

Article 450 (*h*) of the Customs Regulations of 1931 provides for the segregation, in proper cases, of articles of furniture from their repairs. It reads:

(*h*) Artistic antiquities, if of the age prescribed by paragraph 1811, are free of duty though repaired or renovated. If, however, they have been repaired with a substantial amount of additional material, without changing the original form or shape or enhancing their artistic qualities, the original and added portions should be appraised and returned as separate entities and the basis for such returns should be plainly indicated on the invoice by the appraiser. In such cases duty should be assessed on the portion added. If the repairs consist of an addition to an article of an artistic feature which changes it substantially from the article originally produced, or if the antique portion has otherwise been so changed as to lose its identity as the article which was in existence prior to the time prescribed in paragraph 1811, the entire article is excluded from free entry under paragraph 1811.

Appellant's witness, Angelo Oliva, testified positively on direct examination that the original character of the furniture had not been changed by the "repairs." However, it is apparent from the cross-examination that his recollection as to the precise character of the repairs on the individual articles was not very clear. It may be observed, furthermore, that, although the witness Henry H. Crum testified in considerable detail relative to the repairs on the individual articles, and stated that they were of such extent and nature as to change the character of the articles from "antiques," produced prior to the year 1830, to articles of modern construction, which testimony was corroborated by the witness Albert Brengel, appellant's witness was not called in rebuttal to refute such testimony. We are unable to hold, therefore, that the decision of the trial court is contrary to the weight of the evidence. On the contrary, we are of opinion that the court was right in holding that the imported articles and the "repairs" were dutiable as entireties at 40 per centum ad valorem under paragraph 412.

We are in agreement with the contention of counsel for appellant that, in imposing the additional duty, the collector was unwarranted in treating the furniture and the "repairs" as separate entities, and assessing the former only with an additional duty of 25 per centum of its entered value. In our opinion, he should have treated each article of furniture and the repairs thereon as an entirety and assessed it with an additional duty of 25 per centum of its appraised value. However, appellant obviously was not injured by the failure of the collector to assess the additional duty on a greater value.

By the provisions of article 450 (h) of the Customs Regulations of 1931, supra, appellant was permitted to segregate, in its entries, the articles of furniture and the "repairs." Had it been established by a preponderance of the evidence that the "repairs" had not changed the character of the articles, and that such articles had not lost their identity as "artistic antiquities," produced prior to the year 1830, they would have been entitled to free entry, the "repairs" only being dutiable. However, as appellant failed to establish such facts by a preponderance of the evidence, the articles and the "repairs" were not entitled to classification as separate entities, but were dutiable, both as to the primary and additional duties, as entireties.

It is conceded for the purpose of this case that the articles were artistic. They are, therefore, described in paragraph 1811, and would be free of duty thereunder were it not for the fact that they were properly rejected by the collector as "unauthentic in respect to the antiquity claimed as a basis for free entry."

However, it is contended by counsel for appellant that as the involved articles were rejected by the collector as unauthentic with respect to the antiquity claimed, they are not described in paragraph

1811, and are, therefore, not subject to the additional duty provided in section 489. As authority for this contention, counsel cites the decision of this court in the case of *Hudson Forwarding & Shipping Co.* v. *United States*, 22 C. C. P. A. (Customs) 221, T. D. 47142.

In that case, counsel for appellant contended that as it appeared that certain "wood flooring," entered as free of duty under paragraph 1811 of the Tariff Act of 1930, had no artistic merit, and was not produced prior to 1830, it was not described in that paragraph, and was, therefore, not subject to the additional duty of 25 per centum of its value provided by section 489 of that act.

Counsel for the Government, on the other hand, there contended that all articles *entered and claimed* to be free of duty under paragraph 1811, but which were rejected as unauthentic in respect to the antiquity claimed, were subject to the additional duty provided for in section 489.

We there rejected the contention of counsel for the Government, and accepted that made by counsel for appellant, holding that as it was conceded by the parties that the "wood flooring" was not artistic, it was not rejected by the collector merely because it was unauthentic in respect to the antiquity claimed, but also because it had no artistic merit, and that, therefore, it was not described in paragraph 1811.

In the case at bar, however, it is conceded that, for the purpose of this case, the imported furniture is artistic.

The provisions of section 489 here under consideration were clearly not intended to have application to merchandise *provided for* in paragraph 1811, nor to merchandise not described therein, but claimed to be free of duty thereunder, as stated in the *Hudson Forwarding & Shipping Co.* case, *supra.* However, such provisions would be entirely inoperable if the contentions of counsel for appellant in the case at bar were correct.

We are of opinion, therefore, that as the involved articles were artistic, and as they were imported for sale, and were rejected only because they were unauthentic in respect to the antiquity claimed, they are described in paragraph 1811, and subject to the additional duty provided for in section 489.

But, it is contended by counsel for appellant, the language "rejected as unauthentic in respect to the antiquity claimed as a basis for free entry," contained in section 489, was intended by the Congress to mean rejected by an importer, and as the importer, appellant in the case at bar, did not reject the involved furniture as "unauthentic in respect to the antiquity claimed as a basis for free entry," the additional duty is not properly assessable.

That contention of counsel for appellant was fully answered in the decision of the trial court, and we deem it unnecessary to say more than that, in our opinion, it is wholly untenable.

For the reasons stated, the judgment is *affirmed.*